The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: December 28 2009**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 09-35124 |
| | ) | |
| Ronald L. Slough, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM AND ORDER GRANTING OBJECTION TO EXEMPTION

This case is before the court on creditor Rita Slough's Objection to Claimed Exemptions [Doc. #25] and Debtor's response to the objection [Doc. #38]. This Chapter 13 case and all proceedings arising in or related to it, including the pending objection to exemptions, have been referred to this court for decision. 28 U.S.C. § 157(a) and General Order No. 84 entered on July 16, 1984 by the United States District Court for the Northern District of Ohio. The contested matter before the court is a core proceeding that the court may hear and decide under 28 U.S.C. § 157(b)(1) and (b)(2)(B).

Debtor commenced this Chapter 13 case on July 29, 2009. On his original **Schedule B** of Personal Property filed with the petition Debtor listed the following in response to "Question 9-- Interests in insurance policies:"

| Type of Property | Description and Location of property | Current Value of Debtor's interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | Northwestern Mutual cash sum | 15,740.00 |

[Doc. # 1, p.10/46]. On his original **Schedule C** of Property Claimed as Exempt filed with the petition Debtor listed the following:

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Interests in Insurance Policies** | | | |
| Northwestern Mutual cash sum | Ohio. Rev. Code. Ann §§ 2329.66(A)(6)(e), 3923.19 | 15,740.00 | 15,740.00 |

[*Id*. p. 13/46].

On September 23, 2009, Debtor filed certain amended schedules, including amended Schedules B and C. [Doc. # 22]. On his **Amended Schedule B** Debtor clarified the nature of the asset originally listed and added two more policies in response to "Question 9-- Interests in insurance policies:"

| Type of Property | Description and Location of property | Current Value of Debtor's interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | Northwestern Mutual Life cash sum Debtor is the owner | 15,740.00 |
| | Northwestern Mutual Life | 11,977.00 |

2

Policy on Reed Slough
(Debtor's son)
Ron Slough is owner
cash value

Northwestern Mutual Life            8,000.00
Policy on Regan  Slough
(Debtor's daughter)
Ron Slough is owner
cash value

[*Id*. p. 5/12].  On his **Amended Schedule C** Debtor claimed the following exemptions in the assets listed

in response to Question 9 on his Amended Schedule B, including in the clarified  original asset listing and

in the two additional policies, but relying again on the same Ohio statutes as in his original Schedule C:

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Interests in Insurance Policies** | | | |
| Northwestern Mutual Life cash sum Debtor is the owner | Ohio. Rev. Code. Ann §§ 2329.66(A)(6)(e), 3923.19 | 15,740.00 | 15,740.00 |
| Northwestern Mutual Life Policy on Reed Slough (Debtor's son) Ron Slough is owner cash value | Ohio. Rev. Code. Ann §§ 2329.66(A)(6)(e), 3923.19 | 11,977.00 | 11,977.00 |
| Northwestern Mutual Life Policy on Regan  Slough (Debtor's daughter) Ron Slough is owner cash value | Ohio. Rev. Code. Ann §§ 2329.66(A)(6)(e), 3923.19 | 8,000.00 | 8,000.00 |

[*Id*. p. 9/12].

Creditor Rita Slough timely filed on September 25, 2009, her objection to Debtor's claimed

3

exemptions in the three Northwestern Mutual Life policies on amended Schedule C. [Doc. # 25]; *see* Fed. R. Bankr. P. 4003(b)(1). The basis for her objection is that Ohio Rev. Code Ann. §§ 2329.66(A)(6)(e) and 3923.19 under which Debtor claimed the exemptions in the three Northwestern Mutual Life policies on his Amended Schedule C apply only to sickness and accident insurance policies, while the cash amounts in issue are actually derived from life insurance policies to which the cited statutes do not apply. Debtor filed his response to the objection, stating in sum that "[i]t is very clear that all interests in contracts of life insurance are exempt under Section 2329.66(A)(6)(b) as further described under Section 3911.10." [Doc. # 38]. But the statutes cited in the response are not the same statutes cited in Amended Schedule C.

The court held an initial hearing on the objection on October 13, 2009. The court ordered Debtor to file additional documents relating to the insurance policies in issue, which he did on November 12, 2009. [Doc. # 48]. Although not specifically set for hearing, the court and the parties further addressed the pending objection to exemptions at a hearing on confirmation of Debtor's proposed amended plan held on December 8, 2009. The parties agreed at that hearing that the court could determine Rita Slough's pending objection to the exemptions claimed on amended Schedule C in the three Northwestern Mutual policies on the existing record and without a further evidentiary hearing. Having considered the record, for the reasons discussed below, the court will grant the objection to the exemptions as claimed on Amended Schedule C.

## LAW AND ANALYSIS

Rita Slough is Debtor's former spouse. Her objection to Debtor's exemptions in the Northwestern Mutual policies raises in part an issue of procedure. The Bankruptcy Code and the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") govern the procedure for asserting and objecting to exemptions of property from the bankruptcy estate.

Under the Bankruptcy Code, the debtor has the responsibility to claim all exemptions. See 11 U.S.C. § 522(l); Fed. R. Bankr. P. 4003(a). In order to claim an exemption, a debtor must list the exempt property in the schedule of assets filed on the appropriate Official Forms required to be filed under Rule 1007 of the Bankruptcy Rules. Fed. R. Bankr. P. 4003(a). Unless a debtor claims an exemption, the property remains property of the estate. *See In re Yonikus*, 874 F.2d 901, 905 (7th Cir. 1992). In the context of a Chapter 13 case, where a debtor's property will not be liquidated by the Chapter 13 trustee, the precise contours of exempt property and property of the estate are nevertheless relevant to determining whether the "best interests of creditors test" of 11 U.S.C. § 1325(a)(4) is met. As a condition of confirmation of a Chapter 13 plan, the court must find that the value of property to be distributed on account of each

4

unsecured claim under the proposed plan is not less than what would be paid on the claim through a Chapter 7 liquidation. *See* 11 U.S.C. § 1325(a)(4). Since exempt property is not administered by a Chapter 7 Trustee, any property properly claimed as exempt in a Chapter 13 case will be excluded from the "best interests of creditors" analysis required under § 1325(a)(4).

Under Rule 4003(b), the trustee or a creditor must object to any claimed exemption within 30 days of the conclusion of the meeting of creditors. If the debtor files an amended or supplemental schedule, any objections must be filed within 30 days thereafter. Fed. R. Bankr. P. 4003(b). If no one timely objects, the property is deemed exempt. 11 U.S.C. § 522(l). The party objecting to the exemption, in this case creditor Rita Slough, has the burden of establishing that the debtor is not entitled to the claimed exemption. *In re Andrews,* 301 B.R. 211, 213 (Bankr. N.D. Ohio 2003). The burden is one of both production and persuasion. *In re Peacock,* 292. B.R. 593, 596 (Bankr. N.D. Ohio 2002). In deciding an objection, and in order to further the fresh-start policy of the Bankruptcy Code, exemption statutes are to be liberally construed in a debtor's favor. *In re Andrews,* 301 B.R. at 213. Nevertheless, "a court cannot create an exemption where one does not exist; nor can a court go contrary to the express language of the statute." *In re Bunnell*, 322 B.R. 331, 334 (Bankr. N.D. Ohio 2005).

Rita Slough's objection to Debtor's Amended Schedule C was timely filed. The supplemental documentation filed by Debtor, [Doc. # 48], makes it clear that the three Northwestern Mutual policies in issue are all life insurance policies on the life of Debtor Ronald Slough, with three different beneficiaries. As correctly pointed out by Rita Slough in her objection, the two Ohio statutes cited by Debtor on his Amended Schedule C (as well as on the original Schedule C) as the source of the legal authority for exempting his interest in the policies, Ohio Revised Code § 3923.19 as incorporated into Ohio Revised Code § 2329.66(A)(6)(e), pertain only to certain interests in policies of sickness and accident insurance and not to interests in policies of life insurance. On that basis alone, Rita Slough's objection is correct as a matter of both law and fact because the cited statues do not provide any legal basis supporting an exemption for interests in life insurance policies.

After the objection was filed, however, Debtor's response, [Doc. # 38], rather testily cited two different statutes not cited in his Schedule C or Amended Schedule C as the legal authority for his claimed exemptions in the three Northwestern Mutual life insurance polices. These two provisions, Ohio Revised Code § 3911.10 as incorporated into Ohio Revised Code Section 2329.66)A)(6)(b), do exempt certain

5

interests in certain life insurance policies.[1] *See, e.g., In re Bunnell*, 322 B.R. at 334-35; *see also In re Graham*, Case No. 08-14859, 2009 Bankr. LEXIS 7 (Bankr. S.D. Ohio, Jan. 6, 2009)(exemption in policy of life insurance insuring debtor with ex-spouse as beneficiary disallowed under Ohio law). Schedule C has not been amended further to assert these two provisions as the legal basis for the claimed exemptions.

The procedural question is whether the court should focus on the property interests claimed as exempt and ignore the statutory specifications on Debtor's Amended Schedule C by applying instead the statutes cited in Debtor's filed response to Rita Slough's objection. While this court is generally careful not to elevate technical form over substance, it finds for the following reasons that it cannot in this instance leapfrog the procedural issue in the name of saving time by applying statues that have not yet been properly asserted. All of the court's reasons essentially boil down to some variation on the theme that exemptions are a critical component of the process of dividing assets between a debtor and his creditors and that the procedure for claiming and objecting to exemptions is therefore of commensurate importance. The importance of following precise exemption procedure in allocating assets between a debtor and his creditors is aptly illustrated by the fact that the United States Supreme Court has granted a writ of *certiorari* on and is this term considering a case involving the procedure for claiming and objecting to exemptions in bankruptcy. *See Schwab v. Reilly*, 534 F.3d 173 (3d Cir. 2008), *cert. granted*, 129 S.Ct. 2049 (U.S. 2009). And *Schwab* is the *second* case involving the procedure for claiming and objecting to exemptions under the Bankruptcy Code that the United States Supreme Court has considered. *See also Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992).

First, the Supreme Court strictly enforced both § 522(l) and Rule 4003(b) in *Taylor v. Freeland &*

---

[1]Section 2329.66(A)(6)(b) of the Ohio Revised Code provides for an exemption in a life insurance policy "as exempted by section 3911.10 of the Revised Code." Section 3911.10 provides as follows:

> All contracts of life or endowment insurance or annuities upon the life of any person, or any interest therein, which may hereafter mature and which have been taken out for the benefit of, or made payable by change of beneficiary, transfer, or assignment to, the spouse or children, or any persons dependent upon such person, or an institution or entity described in division (B)(1) of section 3911.09 of the Revised Code, or any creditor, or to a trustee for the benefit of such spouse, children, dependent persons, institution or entity, or creditor, shall be held, together with the proceeds or avails of such contracts, subject to a change of beneficiary if desired, free from all claims of the creditors of such insured person or annuitant.

*Kronz.* The Court decided that the trustee could not file a late objection to an exemption of an asset even though that the debtor had no colorable right to exempt it. The Court declined to decide whether the equitable power of the bankruptcy court could be used to reach a different result and sustain the trustee's untimely objection. The Supreme Court has thus far agreed that proper exemption procedure is important to the bankruptcy process.

Second, because the Trustee, creditors and parties in interest have a short time to object to a claimed exemption, "it is important that the trustee and creditors be able to determine precisely whether a listed asset is validly exempt simply by reading a debtor's schedules." *In re Hendrickson,* 274 B.R. 138, 145-46 (Bankr. W.D. Pa. 2002)(quoting *Hyman v. Plotkin (In re Hyman)*, 967 F.2d 1316, 1319 n. 6 (9th Cir. 1992)). If the court allows documents other than properly filed schedules to constitute claiming an exemption under § 522(l), then parties in interest will be unfairly required to scour the case record repeatedly, searching for claimed exemptions to which objections must be filed within the requisite 30 day time period instead of just reviewing schedules and amended schedules. The Official Form Schedule C that debtors are required to prepare and file includes the requirement that Debtors identify the legal authority supporting a claimed exemption, absent which the process of claiming exemptions would become a moving target for trustees and creditors. Identification of the legal authority supporting exemption of specific property is thus a material aspect of properly claiming property as exempt.

Third, since debtors control the preparation and filing of their schedules as required by the statute and the applicable Bankruptcy Rules, "any ambiguity therein is construed against the Debtor." *Id.; In re Clark,* 266 B.R. 163, 168 (B.A.P. 9th Cir. 2001).

Fourth, amendment of schedules, including Schedule C, is liberally permitted subject only to very limited judicially created exceptions. *Arnold v. Gill (In re Arnold)*, 252 B.R. 778, 784 (B.A.P. 9th Cir. 2000). Rule 1009(a) of the Bankruptcy Rules provides that debtors may amend their schedules "as a matter of course at any time before the case is closed." Fed. R. Bankr. P. 1009(a). However, Rule 1008 in turn requires that "[a]ll petitions, lists, schedules, statements and amendments thereto shall be verified or contain an unsworn declaration as provided in 28 U.S.C. § 1746." The verification of amended schedules is thus of independent legal significance. *See In re Dicks*, 341 B.R. 327, 331 (Bankr. M.D. Fla. 2006)(purported amendment to Schedule C to assert different statute and amount that lacked verified signature of debtor and proof of service on all creditors ordered stricken from record). Documents like the response signed only by counsel, even though they assert what might be construed as purely legal propositions that the average

7

debtor would have little or no first hand information about, do not meet the requirements for proper amendment of schedules.

Fifth, a departure from the prescribed procedure means that someone's ox will be gored in perhaps unpredictable fashion. The court located one case in which a bankruptcy court treated counsel's response to an objection as a schedule amendment properly claiming an exemption. *In re Bace*, 364 B.R. 166, 181 (Bankr. S.D.N.Y. 2007). That finding occurred in the context of addressing a debtor's challenge to the timeliness of a trustee's objection, and the court finding a timely oral objection asserted by the trustee within 30 days of the response. The bankruptcy court's decision was then reversed and remanded on appeal, with the district court also expressing "serious reservations" about allowing the debtor to use a response by counsel to claim an exemption. *In re Bace*, Case No. 07-Civ. 2421 (WHP), 2008 U.S. Dist. LEXIS 23003, *7-*8, n.2, 2008 WL 800672, *3, n.2 (S.D.N.Y., March 25, 2008). Application of the *Bace* decisions to this case would open up the possibility of an argument by Debtor, unfairly so in this court's view since it is Debtor's responsibility to claim exemptions properly, that Rita Slough did not file a separate objection to the response in order to contest timely the claimed exemption in the three life insurance policies based on the Ohio statutes identified in the response.

The court will therefore sustain Rita Slough's objection to Debtor's claimed exemption of the three Northwestern Mutual policies listed on Debtor's Amended Schedule C. As amendment of schedules is liberally permitted, and because Debtor's proposed Chapter 13 plan remains unconfirmed and proceedings thereon are ongoing, the court will grant Debtor leave to further amend Schedule C. The court finds that no prejudice to any party in interest will result from any further amendment to the extent made within the time set forth below.

**IT IS ORDERED** that Rita Slough's Objection to Claimed Exemptions [Doc. # 25] be, and hereby is, **GRANTED**, without prejudice, and Debtor's claimed exemptions in three Northwestern Mutual policies on his Amended Schedule C under Ohio Rev. Code § 2329.66(A)(6)(e) and Ohio Rev. Code § 3923.19 be, and they hereby are, **DISALLOWED;** and

**IT IS FURTHER ORDERED** that Debtor is granted leave through and including **January 8, 2010,** in which to file any Second Amended Schedule C.